IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID L. GRIFFIN, )
 )
           Plaintiff, )
 )
vs. ) No. CIV-11-0087-C
 )
AMERICAN FIDELITY ASSURANCE )
COMPANY, )
 )
           Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action in the District Court of Seminole County, Oklahoma.* In his state court Petition, Plaintiff brought claims for conversion and money had and received. According to Plaintiff, Defendant had issued a disability policy to his father. While the policy was in force and effect, his father was injured and became eligible to and did receive the policy benefits. His father also became entitled to and received Social Security benefits, which included dependent benefits. According to Plaintiff, Defendant took and kept Plaintiff's Social Security dependent benefits without legal or equitable right. On January 28, 2011, Defendant removed the action to this Court asserting the case was one arising under the laws of the United States, as provided by 28 U.S.C. § 1331. Plaintiff objects to the removal and seeks remand, arguing Defendant's Notice of Removal was not timely filed.

---

* Seminole County, Oklahoma, is in the Eastern, not Western, District. Therefore, Defendant removed this action to the wrong court. However, as noted in 14C Federal Practice and Procedure, § 3732, removal to the wrong district is a procedural defect, not a jurisdictional one, and is waived if not raised.

The timeliness of Defendant's removal is governed by 28 U.S.C. § 1446(b). The relevant portion of that statute states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Defendant argues that it was not until receipt of the state court order on January 11, 2011, that it could first ascertain the case was one which could be removed. Specifically, Defendant relies on the statement of the state court judge in that order: "social security monies obtained contrary to or in violation of Section 407 must be returned to the social security recipient." (Dkt. No. 16, pp 8-9, quoting Dkt. No. 1, Exh. 22, p. 8.) According to Defendant, until the state court judge made this statement, it had no way of intelligently ascertaining that Plaintiff's right to recover necessarily depended on resolution of a question of federal law. Because that statement was made on January 11, 2011, and the Notice of Removal was filed less than 30 days later on January 28, 2011, the removal was timely.

Contrary to Defendant's argument, a close reading of the state court papers reveals a much earlier date by which Plaintiff's claim under § 407 was apparent. On May 21, 2010, Plaintiff filed his response to Defendant's motion to dismiss. In that response, Plaintiff stated: "Plaintiff is claiming that Defendant took his social security dependant money in violation of 42 U.S.C.A. § 407 and Oklahoma state law." Later in that same document,

2

Plaintiff stated: "Plaintiff has alleged facts – Defendant took Plaintiff's exempt social security money unlawfully – that plainly state legal theories upon which relief can be granted – conversion, chose in action and/or misappropriation; and violation of 42 U.S.C.A. § 407, the anti-attachment and anti-alienation statute wholly exempting social security monies from creditors." Dkt. No. 1, Exh. 10, pp. 4 & 7-8 (footnotes omitted).

To trigger the removal clock, the pleading or other paper must provide a clear and unequivocal notice that the right to remove exists. <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d 1030, 1036 (10th Cir. 1998). Put another way, does the document permit the defendant to "intelligently ascertain removability." <u>Ardison v. Villa</u>, 248 F.2d 226, 227 (10th Cir. 1957). It is difficult to fathom a more direct notice than that provided by Plaintiff. On at least two occasions in his brief he stated he sought relief under § 407. Compared to the district court judge's statement that does nothing more than restate the effect of the statute, Plaintiff's statement is unequivocally clear. Thus, Defendant was required to file its notice of removal within 30 days of May 21, 2010. Because Defendant failed to meet that deadline, the removal was untimely and must be remanded.

For the reasons set forth herein, Plaintiff's Motion to Remand and Objection to Notice of Removal (Dkt. No. 13) is GRANTED. The Clerk of the Court is directed to take the steps necessary to return this matter to the District Court of Seminole County.

IT IS SO ORDERED this 4th day of April, 2011.

ROBIN J. CAUTHRON
United States District Judge