IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID L. GRIFFIN,                    )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )        No. CIV-11-0087-C
                                     )
AMERICAN FIDELITY ASSURANCE          )
COMPANY,                             )
                                     )
                Defendant.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action in the District Court of Seminole County, Oklahoma, raising claims under Oklahoma law. After the case had proceeded for some time, Defendant removed the action, arguing that a recent order from the state court judge had established that Plaintiff was bringing a claim which arose under federal law. On April 4, 2011, the Court determined the removal was improper and ordered remand of the case to Seminole County. Plaintiff timely filed a motion for attorneys' fees, arguing the removal was not objectively reasonable and that, pursuant to 28 U.S.C. § 1447(c), he was entitled to recover the attorneys' fees expended in obtaining the remand. Defendant objects to the request for attorneys' fees, arguing the Court lacks jurisdiction to consider the matter because it has been remanded, and the Court did not award attorneys' fees in the Order of Remand. In the alternative, Defendant argues that its removal was, indeed, objectively reasonable. Finally, Defendant argues that in the event the Court determines that Plaintiff is entitled to recover attorneys' fees, the amount sought is excessive and should be reduced.

Defendant's jurisdictional argument is easily resolved. The Tenth Circuit has held that, even following remand, the district court retains jurisdiction to address the merits of a separate and independent legal proceeding involving an award of attorney's fees or sanctions for the improper removal of the claim in the first place. In re C & M Props., L.L.C., 563 F.3d 1156, 1162 n.2 (10th Cir. 2009).

Defendant's second argument fares no better. Defendant argues that the removal was objectively reasonable. In support of this position, Defendant points to Plaintiff's briefs which Defendant asserts were inconsistent as to whether or not Plaintiff was bringing a claim pursuant to 42 U.S.C. § 407. Defendant asserts the state court judge's held that Plaintiff had a claim under § 407. Thus, Defendant argues the opportunity to remove first arose upon issuance of that order, therefore its removal was timely and consequently objectively reasonable.

As was the case in Defendant's objection to Plaintiff's motion for remand, Defendant misstates the holdings of the state court judge. Nowhere in the order of the state court judge did he hold that Plaintiff had a right to recover under § 407. Rather, the judge correctly held that § 407 provides a standard for Plaintiff's state law claims and whether Defendant improperly converted funds. Thus, Defendant's argument that the state court order provided the first opportunity for removal lacks objective reasonableness. As the Court noted in its Order of Remand, Defendant's arguments that the existence of § 407 and its role in Plaintiff's case did not arise for the first time with the state court's order, but rather existed within the briefs filed by Plaintiff in state court. Nothing in the state court order altered those claims or

changed Plaintiff's causes of action. This Court held Defendant's removal was untimely because the grounds on which it relied existed well before Defendant took action. Further, Defendant's arguments that removal was proper because Plaintiff was bringing a claim under § 407 are disingenuous. Defendant states that there is no private cause of action under § 407. Consequently, its attempt to remove the case on the purported existence of a § 407 claim lacks any measure of reasonableness.

28 U.S.C. § 1447(c) states that an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Because Defendant's removal lacked an objectively reasonable basis, the Court finds an award of attorneys' fees and costs arising from the removal are appropriate.

Defendant does not challenge the hourly rate set forth in the attorney fee billing affidavits from Plaintiff's attorneys.[*] Defendant does, however, object to the time entries made by Plaintiff's attorneys, noting that there is excessive time for certain tasks and a significant amount of duplication. After review of the time records, the Court agrees that some of the time charged was excessive. For example, Ms. Valley billed 2.5 hours for receipt

_____

[*] Defendant does note that Ms. Valley shows an hourly rate of $125 instead of $200. However, Plaintiff corrected that scrivener's error in its reply brief. Accordingly, the Court will recognize Ms. Valley's rate at $200 per hour.

and review of the Notice of Removal. Other than the notice itself, the remaining documents were previously filed in the state court matter. Accordingly, the amount of time necessary for appropriate review is far less than 2.5 hours. As another example, Ms. Valley billed approximately 35 hours for drafting and revising the Motion to Remand. After consideration of the substance of that motion, the Court finds the time charged was excessive and has made an appropriate reduction. The Court also has noted multiple conferences between the attorneys which seem excessively long, given the nature of the issues pending. The Court made appropriate reductions for that excessive billing. Finally, Ms. Assaf seeks to recover time spent striking a status conference filing and necessary motions regarding that conference. Although that time may have been necessitated by Defendant's removal, it is not time that is chargeable against Defendant. The Court made the appropriate reductions in the time records. Based on these reductions, the Court finds that Ms. Valley is entitled to recover for 23.5 hours of work billed at $200 an hour, for an amount of $4,700. Ms. Assaf is entitled to recover for 9 hours of work at $200 an hour, for a total of $1,800.

For the reasons set forth herein, Plaintiff's Motion for Attorney Fees Regarding Remand (Dkt. No. 18) is GRANTED. Plaintiff's attorneys are awarded attorneys' fees in the amounts set forth above.

IT IS SO ORDERED this 24th day of May, 2011.

ROBIN J. CAUTHRON
United States District Judge